UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL TELLIS,<br>      Plaintiff,<br>v.<br><br>MICHAEL BOUCHARD,<br>      Defendant.<br>_____/ | Case No. 22-12275<br><br>Mark A. Goldsmith<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (ECF No. 15)**

Plaintiff filed this civil rights case without the assistance of counsel on September 27, 2022. This case was referred to the undersigned for all pretrial proceedings. (ECF No. 10). Now before the Court is his motion to appoint counsel. (ECF No. 15). In support of his motion, he states that he requests assistance of counsel because of his lack of knowledge of the law and because he cannot afford to hire an attorney.

Before addressing the request for counsel, the Court advises Plaintiff that when he seeks relief from the Court, the document he files must be in the form of a motion, not a letter. That is, the document must have a case caption including the title and case number, the name or nature of the document, and the name of district and magistrate judge assigned to the case (similar to the caption on this Order). The rule for filing papers with the Court is found in Eastern District of Michigan

Local Rule 5.1. He must then clearly lay out the relief he seeks and reasons why the Court should grant it, with legal support for his reasons. Though Plaintiff is representing himself in this matter, he is expected to know and adhere to the Local Rules of this Court and the Federal Rules of Civil Procedure.

The motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

This case is against one defendant and the medical deliberate indifference claims are not exceedingly complex. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). Plaintiff has all the discovery tools available to him, including mailing requests for admission, interrogatories, and requests for documents to the defendants. The defendants will have to respond to proper discovery requests.

For the reasons stated above, Plaintiff's motion for appointment of counsel (ECF No. 15) is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile the motion if circumstances change, such as defeating or succeeding on a dispositive motion (e.g., a motion for summary judgment).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which

3

the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: May 19, 2023                     s/Curtis Ivy, Jr.
                                       Curtis Ivy, Jr.
                                       United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on May 19, 2023.

                                       s/Kristen MacKay
                                       Case Manager
                                       (810) 341-7850