UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL TELLIS, | Case No. 22-12275 |
| Plaintiff, | |
| v. | Mark A. Goldsmith |
| | United States District Judge |
| MICHAEL BOUCHARD, | |
| Defendant. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

**ORDER STRIKING PLAINTIFF'S MOTION FOR DISCOVERY (ECF No. 17) AND DENYING IN PART MOTION TO EXTEND (ECF No. 18)**

Plaintiff filed this civil rights case without the assistance of counsel on September 27, 2022. This case was referred to the undersigned for all pretrial proceedings. (ECF No. 10).

Plaintiff filed a "Motion or Request for Discovery." (ECF No. 17). This document is not a motion for a Court order compelling discovery. Rather, it contains a list of requests directed at the defendant for documents and information. This motion is **STRICKEN** because filing discovery requests with the Court is improper. Discovery requests must be sent to the defendant's attorney (it appears Plaintiff did so as stated in his certificate of service). Discovery cannot be filed on the docket unless it is used as support for a motion, such as a motion to compel discovery responses. M.I.E.D. Local Rule 26.2.

Plaintiff also moves to extend case scheduling deadlines by six months "to do research to understand the documents that was requested and how to file them." (ECF No. 18, PageID.80).  As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent.  Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order.  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).   This motion is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**.  None of the deadlines in the case management order have passed.  The discovery deadline is due to expire on September 26, 2023.  Plaintiff should have begun researching his obligations in this litigation when he filed the lawsuit, and still has time to conduct research to engage in discovery and dispositive motion practice.  That said, since the witness deadline is soon to pass on June 26, 2023, the Court will extend the deadline for the parties to file **witness lists** to **July 7, 2023**.  The remainder of dates will remain as they are.  Plaintiff may move to extend other deadlines by making a showing that meeting the existing deadline is not possible.  He must demonstrate good cause to extend deadlines.

    **IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 7, 2023

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 7, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850