UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL TELLIS,<br>      Plaintiff,<br>v.<br><br>MICHAEL BOUCHARD,<br>      Defendant.<br>_____/ | Case No. 22-12275<br><br>Jonathan J.C. Grey<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (ECF No. 32)**

**I. Procedural History**

Plaintiff Darryl Tellis filed this case without the assistance of counsel on September 27, 2022. (ECF No. 1). This case was referred to the undersigned for all pretrial matters. (ECF No. 10). On October 26, 2023, after a period of discovery, Defendant moved for summary judgment. (ECF No. 32). Plaintiff was ordered to respond to that motion on or before November 27, 2023. (ECF No. 33). On December 6, 2023, having received no response from Plaintiff, the Court ordered Plaintiff to show cause why the undersigned should not recommend that this case be dismissed for failure to respond or to otherwise prosecute this case. (ECF No. 37). On December 8, 2023, Plaintiff filed a document in which he asked if he could "get a[] month extension for my order requiring response to motion." (ECF No. 38, PageID.219). The Court denied that motion without prejudice

1

because Plaintiff did not give any reason for requesting the extension. He needed to show good cause for an extension under Fed. R. Civ. P. 6(b)(1)(A). The Court explained that Plaintiff could refile his motion with support for his request. (ECF No. 39).

To date, Plaintiff has not responded to the motion for summary judgment or the Order to Show Cause as required. Even so, the undersigned has reviewed the motion for summary judgment and **RECOMMENDS** that it be **GRANTED**. A motion for summary judgment cannot be granted "solely because the non-moving party has failed to respond to the motion." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2002). If the non-movant has failed to respond, the court cannot grant summary judgment unless it finds that "the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to relief." Fed. R. Civ. P. 56(e)(3).

## II. Discussion

### A. Summary of Facts

Generally at the summary judgment stage, the facts alleged in an unverified complaint are not considered. That said, some factual background comes from the unverified complaint for context.

The allegations in the amended complaint are sparse. Plaintiff sues Oakland County Sheriff Michal Bouchard in his individual capacity for violations of the

Eighth Amendment. (ECF No. 7, PageID.32). He alleges that Defendant was responsible for the upkeep of the Oakland County Jail and to correct hazardous situations. (*Id.* at PageID.33). According to Plaintiff, he complained to sheriff's deputies about water in his cell leaking from the toilet. Unnamed deputies told Plaintiff that they informed Defendant Bouchard about the leak, but Defendant failed to address the leak. As a result, on March 11, 2021, Plaintiff fell, hit his head, and landed on his back. The next day he was taken to the hospital. (*Id.* at PageID.35). He says he now suffers migraines, lower back pain, and pain in his hips and buttocks. (*Id.* at PageID.36). Plaintiff alleges that he filed a grievance at the jail about the leak requesting to be moved to a different cell. He was moved after his injury. (*Id.* at PageID.38).

In his affidavit, Defendant Bouchard explains that, as Sheriff, he is responsible for operating the Oakland County Jail and to provide for the care and custody of inmates housed in the jail. (ECF No. 32-2, PageID.144, ¶ 4). He discharges this duty through his command staff and deputies. He is not personally involved with working directly with inmates or addressing maintenance complaints or repairs in the jail. (*Id.* at ¶¶ 5-6). Defendant does not know Plaintiff and is unaware of the facts in this case (except as told to him by attorneys in this lawsuit). (*Id.* at PageID.145, ¶ 8-9). Assuming Plaintiff told a deputy about the leak, Defendant himself was not informed, and since he knew nothing about the leak, he

3

did not direct or encourage officers or employees to fail to act regarding the leak. (*Id.* at ¶ 12). And Defendant says that Plaintiff did not file any grievances about a leak or water in his cell before the alleged fall on March 11, 2021. (*Id.* at PageID.146, ¶ 16). Plaintiff also did not submit any letters or kites about the leak leading up to his fall or on the day of his fall. (*Id.* at PageID.147, ¶ 20).

Plaintiff did, however, file a grievance two days after his fall on March 13, 2021. He wrote that the nature of the grievance was "Small leak and water keep leaking on the floor." (*Id.* at PageID.156). Two hours later, a deputy responded informing Plaintiff that he was moved to a different cell and maintenance was informed of the issue. (*Id.*).

B. Governing Standards

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

C.    <u>Analysis</u>

To begin, although Plaintiff alleges a violation of the Eighth Amendment based on unsafe conditions of confinement, at the time of his incarceration he was a pretrial detainee. "The Eighth Amendment provides an inmate the right to be

free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)). The Fourteenth Amendment applies to this claim. The Eighth and Fourteenth Amendment deliberate indifference standards are largely the same except the subjective component is modified in cases brought by pretrial detainees. *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585 (6th Cir. 2021).

To establish a deliberate indifference claim, the plaintiff must allege that he was deprived of the minimal necessities of civilized life and that prison officials were deliberately indifferent to his needs. *Powell v. Washington*, 720 F. App'x 222, 227-28 (6th Cir. 2017) (citation omitted). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The Eighth Amendment framework for deliberate indifference claims includes an objective and subjective prong. *Id.* at 834. The objective prong requires a showing that the deprivation alleged is "sufficiently serious," such that he is "incarcerated under conditions posing a substantial risk of serious harm." *Id.* And the subjective prong requires the inmate to show that a prison official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837.

7

The subjective component for deliberate indifference is modified for pretrial detainees. According to *Brawner*, a pretrial detainee need only show that the defendant "acted . . . recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and internal quotation marks omitted).

The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Consequently, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Because Plaintiff did not bring forth any contrary evidence, his claim fails on the subjective prong, if for no other reason. Defendant stated in his affidavit that he was unaware of the leak in Plaintiff's cell, in fact he is not involved in any maintenance issues at the Oakland County Jail. Because he did not know about the leak, he could not have acted recklessly in the face of a risk of harm posed by the

leak. Nor was the leak so obvious that Defendant should have known. Plaintiff's amended complaint does not describe the leak, but his grievance described it as "small." A small leak, without more factual development, it not enough to make a risk of harm so obvious that Defendant should have known.

Because Plaintiff's claim fails on the subjective prong, the undersigned will not address Defendant's remaining arguments.

### IV.    Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's motion for summary judgment (ECF No. 32) be **GRANTED** and the case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 29, 2024                             s/Curtis Ivy, Jr./s
                                               Curtis Ivy, Jr.
                                               United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on May 29, 2024.

s/Sara Krause
Case Manager
(810) 341-7850
